**DILLINGHAM CONSTRUCTION N.A., INC., a California Corporation; Manuel J. Arceo, dba Sound Systems Media, Plaintiffs–Appellants,**

v.

**COUNTY OF SONOMA; Division of Labor Standards Enforcement; Department of Industrial Relations, Division of Apprenticeship Standards, et al., Defendants–Appellees.**

No. 92–15247.

United States Court of Appeals, Ninth Circuit.

Sept. 9, 1999.

**1036**

Before: WILLIAM C. CANBY, JR. and MELVIN BRUNETTI, Circuit Judges, and ROBERT E. JONES,[1] District Judge.

BRUNETTI, Circuit Judge:

## I. BACKGROUND

This case has raised the issue of whether the Employee Retirement Income Security Act ("ERISA") or the National Labor Relations Act ("NLRA") preempts the application of a state prevailing wage law that requires the payment of prevailing wages to employees in apprenticeship programs that have not received state approval but allows the payment of lower apprenticeship wages to employees participating in state approved apprenticeship programs. The district court held that neither ERISA nor the NLRA preempts the apprentice prevailing wage law. *See Dillingham Constr. N.A., Inc. v. County of Sonoma*, 778 F.Supp. 1522 (N.D.Cal.1991). This court reversed the district court, held that ERISA preempted the apprenticeship prevailing wage law, and declined to address the issue of whether the NLRA preempts the apprentice prevailing wage law. *See Dillingham Constr. N.A., Inc. v. County of Sonoma*, 57 F.3d 712 (9th Cir. 1995). The United States Supreme Court reversed this court's decision, held that

1. Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

ERISA did not preempt the apprentice prevailing wage law, and remanded this case to this court for further proceedings. *See California Division of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997). This court must now determine whether the NLRA preempts the apprentice prevailing wage law. This court has jurisdiction to review the district court's order under 28 U.S.C. § 1291, concludes that the NLRA does not preempt the apprentice prevailing wage, and affirms the district court's order granting the State of California summary judgment.

## II. FACTS

The facts of this case are not in dispute and need not be reported yet again because they have been reported on three previous occasions by the district court, this court, and the Supreme Court. *See Dillingham Constr. N.A., Inc.*, 778 F.Supp. at 1524–26; *Dillingham Constr. N.A., Inc.*, 57 F.3d at 715–17; *California Division of Labor Standards Enforcement*, 117 S.Ct. at 835–37.

## III. DISCUSSION

### A. STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Hydrostorage Inc. v. Northern Cal. Boilermakers Local Joint Apprenticeship Comm.*, 891 F.2d 719, 726 (9th Cir.1989), *cert. denied*, 498 U.S. 822, 111 S.Ct. 72, 112 L.Ed.2d 46 (1990). There are no disputed issues of material fact in this case so the only issue that remains is whether the district court correctly applied the relevant law. *Id.*

### B. NLRA PREEMPTION

■■ The NLRA does not contain a preemption provision, but the NLRA does preempt states from regulating activity that is protected and reserved for the free market or for the jurisdiction of the National Labor Relations Board ("NLRB"). *Building & Construction Trades Council of the Metro. Dist. v. Associated Builders & Contractors of Mass./R.I., Inc.*, 507 U.S.

218, 226–27, 113 S.Ct. 1190, 122 L.Ed.2d 565 (1993). To protect activity that is reserved for NLRB jurisdiction, the NLRA preempts state regulations that purport to regulate conduct that is arguably protected by § 7 or arguably prohibited by § 8 of the NLRA. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). To protect activity that is reserved for the free market, the NLRA preempts state laws and state causes of action that govern conduct which Congress intended to leave unregulated. *Lodge 76, Int'l Assoc. of Machinists & Aerospace Workers, v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 141, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). The apprentice prevailing wage law at issue in this case does not fall under either preemption category and is not preempted by the NLRA.

### 1. State Regulation

■■ We first address a threshold issue. The NLRA preempts the two categories of state regulation mentioned above, but does not preempt actions taken by a state when it is acts as a mere proprietor or market participant. *Associated Builders & Contractors*, 507 U.S. at 227, 113 S.Ct. 1190; *Wisconsin Dep't of Indus. v. Gould, Inc.*, 475 U.S. 282, 289–91, 106 S.Ct. 1057, 89 L.Ed.2d 223. The Supreme Court has "held consistently that the NLRA was intended to supplant state labor regulation, not all legitimate state activity that affects labor." *Associated Builders & Contractors*, 507 U.S. at 227, 113 S.Ct. 1190; *see also Gould, Inc.*, 475 U.S. at 289–90, 106 S.Ct. 1057 ("Congress intended to allow States to interfere with the interrelated federal scheme of law, remedy, and administration under the NLRA as long as they did so through exercises of the spending power.") (quotations and citations omitted). The State of California argues that the apprentice prevailing wage law is immune from NLRA preemption because the apprentice prevailing wage law results from the State functioning as a mere proprietor or market participant

rather than as a regulator. The State's argument is without merit.

The State did not merely create apprenticeship standards in its contract with Dillingham nor were the apprenticeship standards in this case created based upon unique needs that the detention facility project presented. The apprentice prevailing wage law applies uniformly to all public works contracts executed in the State of California and is a mechanism through which the State regulates apprenticeship programs and the employment of apprentices on public works projects. As this court has stated previously: "The state's involvement does not end with the awarding of the contract. Section 1777.5 is aimed at regulating contractors who work on public contracts." *Hydrostorage, Inc. v. Northern California Boilermakers Local Joint Apprenticeship Comm.*, 891 F.2d 719, 730 (9th Cir.1989).

Neither the Supreme Court's decision in *Associated Builders & Contractors*, 507 U.S. 218, 113 S.Ct. 1190, nor this court's decision in *Associated Builders & Contractors, Inc. v. City of Seward*, 966 F.2d 492 (9th Cir.1992), alters the conclusion that the State's apprentice prevailing wage law is state regulation. In *Associated Builders & Contractors*, the Supreme Court concluded that the state acted as a market participant when it required successful bidders to abide by a project labor agreement executed by the state and an exclusive bargaining agent. *Associated Builders & Contractors*, 507 U.S. at 232–33, 113 S.Ct. 1190. The Court noted that the state "was attempting to ensure an efficient project that would be completed as quickly and effectively as possible at the lowest cost ... [and that] the challenged action ... was specifically tailored to one particular job." *Id.* at 232, 113 S.Ct. 1190. In *City of Seward,* this court determined that the state acted as a market participant when it required the winning bidder on a public works project to comply with a work preservation clause contained in the City's contract. *City of Seward,* 966 F.2d at 496–98. This court noted that the City of Seward "was not driven by regulatory con-

cerns, but by legitimate management concerns that may lead any employer, public or private, to agree to a work preservation clause." *Id.* at 496.

In contrast to *Associated Builders & Contractors* and *City of Seward* and as noted above, the State in this case did not establish the apprentice prevailing wage law specifically for the detention facility project and the State was not motivated by management concerns when it adopted the apprentice prevailing wage law. The State's purpose in enacting and enforcing the apprentice prevailing wage law was to regulate apprenticeship programs and wages paid on public works projects. The apprentice prevailing wage law is state regulation and is subject to NLRA preemption if it falls under one of the two NLRA preemption doctrines.

**2. *Machinists*/Free Market Preemption**

 Under the *Machinists* preemption doctrine, the NLRA preempts state laws and state causes of action that regulate activity Congress intended to leave unregulated. *Lodge 76, Int'l Assoc. of Machinists & Aerospace Workers v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 141, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976); *Metropolitan Life Ins.,* 471 U.S. at 749, 105 S.Ct. 2380. The *Machinists* preemption doctrine does not preempt a state law which "establishes a minimal employment standard not inconsistent with general legislative goals of the NLRA." *Metropolitan Life Ins.,* 471 U.S. at 757, 105 S.Ct. 2380; *see also Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 19–20, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). "Federal labor law in this sense is interstitial, supplementing state law where compatible, and supplanting it only when it prevents the accomplishment of the purposes of the federal act." *Metropolitan Life Ins.,* 471 U.S. at 756, 105 S.Ct. 2380 (citing *Hines v. Davidowitz,* 312 U.S. 52, 67, n. 20, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). The apprentice prevailing wage

law is not preempted by the *Machinists* doctrine because federal law contemplates and permits regulation of apprenticeship standards and because the apprentice prevailing wage law establishes nothing more than minimum labor standards.

Congress has not intended to leave the area of apprenticeship standards unregulated because federal law unequivocally permits regulation of apprenticeship standards. *See Siuslaw Concrete Constr. v. Washington Dep't of Transp.,* 784 F.2d 952, 955–58 (9th Cir.1986). Congress has specifically directed the Secretary of Labor to establish standards that will protect the welfare of apprentices and to cooperate with state agencies that formulate and promote apprenticeship standards. *See* National Apprenticeship Act, 29 U.S.C. § 50 et seq. Because federal law permits the regulation of apprenticeship standards, *Machinists* preemption does not apply to the apprentice prevailing wage law.

The apprentice prevailing wage law is also not preempted by the *Machinists* doctrine because it only establishes minimum labor standards. The apprentice prevailing wage law mandates that all workers on public works projects must be paid the journeyman's prevailing wage unless the workers are ordained apprentices and defines ordained apprentices as only those apprentices who participate in state approved apprenticeship programs. Employers and employees can establish higher apprenticeship standards, *see* Cal. Lab. Code § 3086, but nothing in the State's statutory scheme allows employers, employees, or the Apprenticeship Council to undercut the minimum apprenticeship standards established by state law. *See* Cal. Lab.Code § 3071. The apprentice prevailing wage law simply ensures that public works contractors will hire ordained apprentices by establishing minimum labor standards.

The conclusion that the apprentice prevailing wage law establishes minimum labor standards immune from NLRA preemption is mandated by the Supreme Court's decisions in *Metropolitan Life Insurance* and *Fort Halifax Packing.* In *Metropolitan Life Insurance,* the Supreme Court held that the NLRA did not preempt a state law that required minimum mental health care benefits to be included in general insurance policies issued to state residents. *Metropolitan Life Ins.,* 471 U.S. at 758, 105 S.Ct. 2380. The Court acknowledged that mandated benefits indirectly affect collective bargaining but reasoned that mandated benefits in the form of minimum labor standards do not encourage or discourage the collective bargaining process because union and non-union employees are treated equally by minimum standards. *Id.* at 755, 105 S.Ct. 2380. The Court went on to state:

> It would further few of the purposes of the Act to allow unions and employers to bargain for terms of employment that state law forbids employers to establish unilaterally. "Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored."

*Id.* at 755, 105 S.Ct. 2380 (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)).

In *Fort Halifax Packing,* the Court held that the NLRA did not preempt a state law that requires minimum severance payments when a factory closes. *Fort Halifax Packing,* 482 U.S. at 22, 107 S.Ct. 2211. The Court reasoned that the NLRA does not preempt a state law simply because the state law relates to a matter over which the employers and employees are free to bargain. *Id.* at 21, 107 S.Ct. 2211. The Court stated:

> It is true the Maine statute gives employees something for which they otherwise might have to bargain. That is true, however, with regard to any state law that substantively regulates employment conditions. Both employers and employees come to the bargaining table with rights under state law that form a backdrop for their negotiations.

*Id.* at 21, 107 S.Ct. 2211 (quotation omitted).

The apprentice prevailing wage law in this case is indistinguishable from the state laws at issue in *Metropolitan Life Insurance* and *Fort Halifax Packing.* The apprentice prevailing wage law treats union and non-union employees equally, provides minimum protection to individual workers who work on public works projects, and mandates nothing more than one of two possible minimum benefits. Either apprentices receive the prevailing journeyman's wage or they receive training and education that has been approved by the state. Apprentices might not receive either one of these benefits through the collective bargaining process alone, but that possibility is not, in and of itself, enough to warrant NLRA preemption. *Fort Halifax Packing,* 482 U.S. at 21, 107 S.Ct. 2211. Sound Systems cannot evade minimum labor standards by executing a collective bargaining agreement that fails to satisfy state standard and then asserting federal preemption, *Metropolitan Life Ins.,* 471 U.S. at 755, 105 S.Ct. 2380 and this court " 'cannot declare pre-empted all local regulation that touches or concerns in any way the complex interrelationships between employees, employers, and unions; obviously, much of this is left to the states.' " *Id.* at 757, 105 S.Ct. 2380 (quoting *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 289, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971)).

There is no merit to Dillingham's assertion that *Bechtel Constr., Inc. v. United Bhd. of Carpenters & Joiners of Am.,* 812 F.2d 1220 (9th Cir.1987), supports its position that the apprentice prevailing wage law is preempted by the NLRA. In *Bechtel Construction,* this court found that California's apprentice wage standards were preempted by the NLRA because the apprentice wage standards could be undercut by a collective bargaining agreement that was approved by the State and were, therefore, not true minimum labor standards. *Bechtel Constr.,* 812 F.2d at 1226. The apprentice prevailing wage law at issue in this case cannot be undercut because it establishes true legal minimums and *Bechtel Construction* does not stand for the proposition that true minimum wages or minimum apprenticeship program standards are preempted by the NLRA.

The apprentice prevailing wage law is not preempted by the NLRA under the *Machinists* doctrine because Congress has not intended to leave apprenticeship standards unregulated and because the prevailing wage law only establishes minimum labor standards.

### 3. *Garmon*/NLRB Jurisdiction Preemption

Under the *Garmon* preemption doctrine, the NLRA preempts state laws that attempt to regulate conduct which is either arguably protected or prohibited by the NLRA. *Garmon,* 359 U.S. at 244, 79 S.Ct. 773. This is true whether the state law is a law of general application or a law directed specifically toward labor relations. *Id. Garmon* preemption is "designed to prevent conflict between, on the one hand, state and local regulation and, on the other, Congress' integrated scheme of regulation ... which includes the choice of the NLRB, rather than state or federal courts, as the appropriated body to implement the Act." *Associated Builders & Contractors,* 507 U.S. at 225, 113 S.Ct. 1190 (internal quotations omitted). The apprentice prevailing wage law is not preempted by the *Garmon* preemption doctrine because it does not attempt to regulate conduct that is protected or prohibited by the NLRA.

Appellants argue that the apprentice prevailing wage law is preempted by *Garmon* because the apprentice prevailing wage law disrupts the right to bargain collectively for wage rates and apprenticeship standards. This argument is meritless. *See Fort Halifax Packing,* 482 U.S. at 20, 107 S.Ct. 2211 ("This argument-that a State's establishment of minimum labor standards undercuts collective bargaining-was considered and rejected in *Metropolitan Life Ins. Co. v. Massashusetts.*") Min-

imum labor standards do not affect the collective bargaining process because minimum labor standards treat all workers-union and non-union-equally and neither encourage nor discourage the collective bargaining process. *Metropolitan Life Ins.,* 471 U.S. at 755, 105 S.Ct. 2380. Because minimum labor standards do not affect the collective bargaining process, minimum labor standards do not affect or regulate the right to bargain collectively. *See Viceroy Gold Corp. v. Aubry,* 75 F.3d 482, 490 (9th Cir.1996) (minimum labor standards are not preempted by *Garmon* because they do not affect the collective bargaining process). Even though the apprentice prevailing wage law establishes minimum wages and minimum apprenticeship standards below which a collective bargaining agreement cannot go, the apprentice prevailing wage law does not affect the § 7 rights of workers and is not preempted by the NLRA under *Garmon.*

Dillingham again relies on this court's decision in *Bechtel Construction* to argue that the apprentice prevailing wage law is preempted by the NLRA under *Garmon. Bechtel Construction,* as discussed above, is distinguishable. In *Bechtel Construction,* this court found that California's apprentice wage standards were preempted by the NLRA because the apprentice wage standards could be undercut by a collective bargaining agreement and because state officials could participate in the collective bargaining process to approve below standard wages. *Bechtel Constr.,* 812 F.2d at 1226. The right to bargain collectively was, therefore, affected by the apprentice wage standards because the wage standards were not true legal minimums and because the state became a second bargaining agent. In contrast, the apprentice prevailing wage law establishes true minimum standards for apprenticeship programs, establishes a minimum wage to be paid to workers on public works projects, and does not inject the state into the collective bargaining process.

The apprentice prevailing wage law is not preempted by the NLRA under the *Garmon* preemption doctrine because the apprentice prevailing wage law does not affect the right to bargain collectively. The apprentice prevailing wage law only establishes minimum labor standards that treat all workers equally and neither encourages nor discourages the collective bargaining process.

## IV. CONCLUSION

The apprentice prevailing wage is state regulation that is not preempted by the NLRA. The district court's order granting the State of California summary judgement is **AFFIRMED.**